**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **8TH ST. VENTURE HOLDINGS, LLC,** ) | **Case No.: 21-00188-ELG** |
| ) | **Chapter 7** |
| *Debtor*. ) | |
| ) | |
| **NAHEED GHASSEMI REVOCABLE TRUST,** ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | **Adversary No. 22-10005 ELG** |
| ) | |
| **8TH ST. VENTURE HOLDINGS, LLC,** *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**AMENDED ANSWER AND COUNTERCLAIM OF Y&R 2022, LLC**

Defendant/Creditor Y&R 2022, LLC ("Y&R"), by and through undersigned counsel, files this Amended Answer to the Second Amended Adversary Complaint of Plaintiff/Creditor Naheed Ghassemi Revocable Trust (the "Ghassemi Trust") and Verified Counterclaim against the Ghassemi Trust, and states as follows:

**AMENDED ANSWER**

1. Y&R is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies the same.

---

David H. Cox (Fed. Bar No. 250167)
Nathan J. Bresee (Fed. Bar No. 991640)
Jackson & Campbell, PC
2300 N Street, NW, Suite 300
Washington, DC  20037
Telephone:  (202) 457-1600
Email: dcox@jackscamp.com
         nbresee@jackscamp.com
*Counsel for Defendant/Creditor Y&R 2022 LLC*

5304704v.1

2. It is admitted that, as of May 3, 2022, the date the instant adversary proceeding was filed, 8th St. Venture Holdings, LLC, was the owner of the real property identified in Paragraph 2 and that such property is a condominium property.

3. Denied as to the date. It is admitted that, by an Order of this Court entered on July 11, 2022, Webster, the Chapter 7 Trustee in this matter, was authorized to sell the property identified in Paragraph 3 free and clear of all liens and interests to Faraz Farokhzad.

4. Y&R is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies the same.

5. Y&R is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies the same.

6. Y&R is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies the same.

7. Y&R is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies the same.

8. Y&R is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies the same.

9. Denied that Y&R's principal place of business is located at the specified address. Otherwise, the balance of Paragraph 9 is admitted.

10. Y&R is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies the same.

11. Y&R is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies the same.

12. Y&R is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies the same.

13. Y&R is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies the same.

14. Y&R is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies the same.

15. As to the allegations of Paragraph 15, Y&R avers that the Refinance Deed of Trust, Assignment of Rents and Security Agreement speaks for itself and denies each and every allegation at variance thereto.

16. Admitted that a Subordination Agreement was recorded on or about November 6, 2020, which states, "The [Ghassemi Trust] and Trustee hereby covenant and agree that all their right, title, interest and lien created pursuant to the Deed of Trust (and any and all other instruments and documents executed by 8TH ST. VENTURES HOLDINGS, LLC, Collectively, and NAPOLEON IBIEZUGBE and KEVIN FALKNER, in favor of the [Ghassemi Trust] to secure the indebtedness secured by the Deed of Trust is subordinate and inferior to the right, title and interest and lien created by that certain Deed of Trust dated February 12, 2019, from 8TH ST. VENTURES HOLDINGS, LLC, in favor [sic] BCJCL, LLC, assigned to PS FUNDING, INC. assigned to EAGLEWOOD SPV 1 LP,, [sic] its successors and/or assigns as their interest may appear, recorded prior hereto, among the Land Records of the District of Columbia, having an original principal amount of FIVE HUNDRED SEVENTEEN THOUSAND FIVE-HUNDRED DOLLARS 00/100 Dollars ($517,500.00)." It is further admitted that, thereafter, Eaglewood SPV I LP's stated interest was assigned to ICM Funding LLC, and then to Y&R. Y&R denies the balance of the allegations of Paragraph 16.

17. Y&R is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 with respect to the fiduciary status of Tucker, Tucker & Associates, and Tucker, Nong, and therefore denies the same. The remaining allegations contained in Paragraph 17 set forth legal conclusions to which no response is required. To the extent that a response is required, Y&R denies the same.

18. Y&R is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 with respect to the any authorization or direction by the Ghassemi Trust, and therefore denies the same. The remaining allegations contained in Paragraph 18 set forth legal conclusions to which no response is required. To the extent that a response is required, Y&R denies the same.

**COUNT ONE**
**(Fraud)**

19. In response to Paragraph 19, Y&R adopts and incorporates its responses to Paragraphs 1 through 18 as if fully set forth herein.

20. Y&R is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 20 through 27, and therefore denies the same.

**COUNT TWO**
**(Negligence)**

21. In response to Paragraph 28, Y&R adopts and incorporates its responses to Paragraphs 1 through 27 as if fully set forth herein.

22. Y&R is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies the same.

5304704v.1

## COUNT THREE
### (Breach of Fiduciary Duty)

23. In response to Paragraph 30, Y&R adopts and incorporates its responses to Paragraphs 1 through 29 as if fully set forth herein.

24. Y&R is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 31 through 33, and therefore denies the same.

## COUNT FOUR
### (Tortious Interference with Business Relations)

25. In response to Paragraph 34, Y&R adopts and incorporates its responses to Paragraphs 1 through 33 as if fully set forth herein.

26. Y&R is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 35 through 36, and therefore denies the same.

## COUNT FIVE
### (Declaratory Judgment)

27. In response to Paragraph 37, Y&R adopts and incorporates its responses to Paragraphs 1 through 36 as if fully set forth herein.

28. In response to Paragraph 38, it is admitted that Y&R is the successor-in-interest to a Deed of Trust of February 12, 2019, and recorded on February 13, 2019, granted by 8th St. Ventures Holdings, LLC, to Chicago Title Insurance Company, Trustee, for the benefit of BCJCL, LLC. It is further admitted that BCJCL, LLC's interest was subsequently assigned to PS Funding, Inc., then to Eaglewood SPV I LP, then to ICM Funding LLC, and finally to Y&R.

29. Y&R is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39, and therefore denies the same.

30. Paragraph 40 sets forth legal conclusions with respect to Webster's duties as trustee to which no response is required. To the extent that a response to those allegations is required,

Y&R denies the same. The remaining allegations of Paragraph 40 set forth the relief the Ghassemi Trust seeks in this action; therefore, no response is required from Y&R. To the extent that a response to those allegations is required, Y&R denies the same.

### FIRST DEFENSE

The Trust has failed to state any claim upon which relief can be granted.

### SECOND DEFENSE

The Trust's claims are precluded by the doctrine of unclean hands.

### THIRD DEFENSE

The Trust's claims are precluded by the doctrines of waiver and/or estoppel.

### FOURTH DEFENSE

The Trust's claims are precluded as a result of its own conduct, and/or the conduct of its agents, representatives, or consultants.

### FIFTH DEFENSE

The Trust's claims are precluded by the statute of frauds.

### SIXTH DEFENSE

The Trust's claims are precluded by the doctrine of equitable subrogation.

### SEVENTH DEFENSE

Y&R intends to rely upon all other defenses as are developed through discovery and/or are provable at trial. Y&R further reserves the right to assert such other and further defenses as may become apparent or available during pretrial proceedings.

### EIGHTH DEFENSE

Any and all allegations contained in the Second Amended Adversary Complaint that are not specifically and expressly addressed in this Answer are denied.

**NINTH DEFENSE**

Y&R is entitled to protection as a bona fide purchaser of a property interest without inquiry notice against any purported defect in chain of title of the property at issue, such that it is entitled to a finding by this Court that its secured first priority lien position with respect to its claim on the property is valid and is superior to the claim asserted by the Trust.

WHEREFORE, having fully answered the Ghassemi Trust's Second Amended Adversary Complaint, Defendant Y&R hereby requests that the Ghassemi Trust's Second Amended Adversary Complaint be dismissed with prejudice as to Y&R.

**COUNTERCLAIM**

Pursuant to Rules 7001(2) and 7001(9) of the Federal Rules of Bankruptcy Procedure, Counter-Plaintiff/Creditor Y&R 2022, LLC ("Y&R"), by and through undersigned counsel, files this Counterclaim for declaratory judgment to quiet title and for equitable subrogation against Counter-Defendant/Creditor the Naheed Ghassemi Revocable Trust (the "Ghassemi Trust"). Y&R seeks a judicial declaration that it holds a secured first-priority claim on the real property and improvements located at 1112 8th Street NE, Unit 1, Washington DC 20002 (Lot 2003 in Square 0886, the "Property"). In support thereof, Y&R states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.     Y&R is a limited liability company formed under the laws of the Commonwealth of Virginia.

2.     Upon information and belief, the Ghassemi Trust is a Virginia revocable trust.

3.     Upon information and belief, the trustee of the Ghassemi Trust is Naheed Ghassemi Abbas, a resident of the State of Maryland.

4.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1).

5. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (K) as it is a proceeding to determine the validity, extent, and priority of liens.

6. This Counterclaim has been bought in accordance with Bankruptcy Rules 7001(2) and 7001(9).

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a).

## FACTS COMMON TO ALL COUNTS

8. On August 31, 2016, a Deed of Trust and Security Agreement (recorded on September 2, 2016, as Document No. 2016090489) was granted by Debtor 8th St. Ventures Holdings, LLC, to John B. Connor and Robert B. Baumgartner, Trustees, for the benefit of Dashco, Inc., securing the Property for the repayment of a Note in the original principal amount of $1,000,000. This Deed of Trust was secured by Lot 64 in Square 886, which was the parent lot before it was subdivided into condominiums.

9. On February 9, 2018, a Refinance Deed of Trust (recorded on February 26, 2018, as Document No. 2018020181) was granted by borrower 8th St. Ventures Holdings, LLC, collectively, and Napoleon Ibiezugbe and Kevin Falkner, individually, to Lawrence Tucker, as Trustee, for the benefit of the Ghassemi Trust, as Lender, securing the Property for the repayment of a Note in the original principal amount of $375,000 (the "Ghassemi DOT").

10. A Certificate of Satisfaction was recorded on April 6, 2018, executed by Dashco, Inc., stating that the August 31, 2016 Deed of Trust had been fully paid and satisfied.

11. On March 29, 2018, a Refinance Deed of Trust, Assignment of Rents and Security Agreement (recorded on April 2, 2018, as Document No. 2018032917) was granted by borrower 8th St. Ventures Holdings, LLC, and Napoleon Ibiezugbe and Kevin Falkner, as personal guarantors, to Lawrence Tucker, as Trustee, for the benefit of Regal Creations, LLC, as Lender,

securing the Property for the repayment of a Note in the original principal amount of $400,000 (the "Regal Creations DOT").

12. On March 29, 2018, a Subordination Agreement (recorded on April 2, 2018 as Document No. 2018032918) was executed by and between the Ghassemi Trust, as Lender, and 8th St. Ventures Holdings, LLC, collectively, and Napoleon Ibiezugbe and Kevin Falkner, individually, as Borrowers, subordinating the Ghassemi DOT to the Regal Creations DOT (the "March 29, 2018 Subordination Agreement"). This subordination agreement was executed by Lawrence Tucker, Esquire, on behalf of the Ghassemi Trust.

13. On or about February 12, 2019, BCJCL, LLC, issued a loan in the amount of $517,500.00 to 8th St. Ventures Holdings, LLC. This loan included a payoff in the amount of $419,177.76 to satisfy the Regal Creations DOT.

14. On February 12, 2019, a Deed of Trust, Assignment of Rents and Security Agreement (recorded on February 13, 2019, as Document No. 2019015585) was granted by borrower 8th St. Ventures Holdings, LLC, to Chicago Title Insurance Company, as Trustee, for the benefit of BCJCL, LLC, as Lender, securing the Property for the repayment of a Note in the original principal amount of $517,500.00 (the "BCJCL DOT").

15. On February 12, 2019, an Assignment of Deed of Trust was executed by BCJCL, LLC, assigning the BCJCL DOT to PS Funding, Inc.

16. On December 10, 2019, an Assignment of Deed of Trust (and Other Loan Documents) was executed by PS Funding, Inc., assigning to Eaglewood SPV I LP the BCJCL DOT.

17. On November 6, 2020, a Subordination Agreement (recorded on November 6, 2020 as Document No. 2020136200) was executed by Lawrence Tucker, Trustee, by and between the

Ghassemi Trust, as Lender, and 8th St Ventures Holdings, LLC, collectively, and Napoleon Ibiezugbe and Kevin Falkner, individually, as Borrowers, subordinating the Ghassemi DOT to the BCJCL DOT (the "November 6, 2020 Subordination Agreement").

18. On July 16, 2021, an Involuntary Petition for Bankruptcy as to debtor 8th St. Ventures Holdings, LLC, was filed in the United States Bankruptcy Court for the District of Columbia, filed by Eaglewood SPV I LP, with a claim in the amount of $669,507.74.

19. On December 29, 2021, an Assignment of Deed of Trust (and Other Loan Documents) was executed by Eaglewood SPV I, LP, assigning to ICM Funding, LLC the BCJCL DOT.

20. On December 29, 2021, an Assignment of Deed of Trust (and Other Loan Documents) was executed by ICM Funding, LLC, assigning to Y&R 2022, LLC, the BCJCL DOT.

21. On March 18, 2022, a Motion to Sell Real Property Free and Clear of Any and All Liens was filed by Trustee Wendell Webster in Bankruptcy No. 21-00188-ELG (filed against Eaglewood SPV I LP). The Trustee requested leave to sell the Property for $625,000, with a commission of $31,250 to TTR Sotheby's International Realty and a carveout to the Estate in the amount of $50,000, and the proceeds to be held (following payment of the carveout, the realtor's commission, and all costs of sale), in an escrow account pending the resolution of lien priority issues.

22. On April 21, 2022, the Court approved the Motion to Sell and the Bidding Procedures.

23. On May 3, 2022, the Ghassemi Trust filed an adversary complaint against Debtor 8th St. Ventures Holdings, LLC, Benning LLC, Napoleon Ibiezugbe, Kevin Falkner, Lawrence Tucker, and Tucker, Nong & Associates.

5304704v.1

24. On June 1, 2022, the Ghassemi Trust amended its adversary complaint to add Eaglewood SPV I, LP, as a defendant, and include a count for declaratory judgment concerning the determination of lien priority between the Ghassemi Trust and Eaglewood SPV I LP.

25. On June 18, 2022, the Ghassemi Trust filed the Second Amended Adversary Complaint, substituting Eaglewood SPV I LP with Y&R as a defendant.

26. On July 11, 2022, the Court entered an Order authorizing Webster, the Chapter 7 Trustee, to sell the Property free and clear of all liens and interests to Faraz Farokhzad, and further ordered that the "Remaining Proceeds" from the sale of the Property (as defined therein), be deposited into a separate deposit account to be held by McNamee Hosea, P.A., not for fees, but to be held in escrow pending further order of the Court (the "Deposit Account").

**COUNT I: DECLARATORY JUDGMENT**

27. Y&R adopts and incorporates by reference all allegations contained within Paragraphs 1 through 26 of this Counterclaim as if fully set forth herein.

28. Y&R maintains that it had secured a first priority lien position with respect to its claim on the Property, superior to the claim asserted by the Ghassemi Trust.

29. The Ghassemi Trust disputes Y&R's position, contending that its lien held the first priority lien position, and its Second Amended Adversary Complaint attests to the same.

30. Thus, there exists an actual controversy between Y&R and the Ghassemi Trust within the jurisdiction of this Court involving the prior rights and priorities of the parties relative to the Property, and the current rights and priorities of the parties relative to their entitlement to the Deposit Account.

5304704v.1

WHEREFORE, Y&R requests:

(a) That this Court determine and adjudicate the rights and priorities of the parties with respect to the Property and the Deposit Account;

(b) That this Court find and declare that Y&R had a first priority secured claim on the Property in the original principal amount of $517,500.00, and is entitled a first distribution of $517,500.00 from the Deposit Account, plus interest, attorneys' fees, costs and other expenses; with the remaining funds in the Deposit Account available to pay any other claims;

(c) That this Court enter judgment in favor of Y&R, together with an award of costs; and

(d) That this Court award Y&R such other and further relief as the Court deems just and proper.

## COUNT II: DECLARATORY JUDGMENT – EQUITABLE LIEN/EQUITABLE MORTGAGE (IN THE ALTERNATIVE)

31. Y&R adopts and incorporates by reference all allegations contained within Paragraphs 1 through 30 of this Counterclaim as if fully set forth herein.

32. Pursuant to the November 6, 2020 Subordination Agreement, it was the intention of the parties that the February 9, 2018 Deed of Trust, entered into for the benefit of the Ghassemi Trust in the amount of $375,000.00, would be subordinated to the February 12, 2019, Deed of Trust, Assignment of Rents and Security Agreement, for the benefit of BCJCL LLC, whose interest was eventually assigned to Y&R, in the amount of $517,500.00.

33. The February 12, 2019 Deed of Trust, Assignment of Rents and Security Agreement was executed by 8th St. Ventures Holdings, LLC, in consideration of the Note and February 12, 2019 Loan Agreement with BCJCL, LLC, in the original principal amount of $517,500.00.

5304704v.1

34. BCJCL, LLC, was a bona fide lender for value when it extended the $517,500.00 Note to 8th St. Ventures Holdings, LLC.

35. Y&R was entitled to an equitable first lien on 100% of the Property in the amount of $517,500.00 on the grounds that Lawrence Tucker, as trustee, had authority to execute the November 6, 2020 Subordination Agreement on behalf of the Ghassemi Trust, and thereby bind the Ghassemi Trust.

36. The Ghassemi Trust is estopped from contesting the validity and priority of the February 12, 2019 Deed of Trust, Assignment of Rents and Security Agreement, for the benefit of BCJCL, LLC, and eventually assigned to Y&R.

37. Pursuant to the November 6, 2020 Subordination Agreement, because it was intended that the February 12, 2019 Deed of Trust, Assignment of Rents and Security Agreement, eventually assigned to Y&R, would hold a superior lien position relative to the February 9, 2018 Deed of Trust, for the Benefit of the Ghassemi Trust, Y&R requests that the Court declare that Y&R was entitled to an equitable lien/equitable mortgage upon the Property so that the February 12, 2019 Deed of Trust, Assignment of Rents and Security Agreement encumbered the Property in the amount stated in the Subordination Agreement in first priority lien position.

38. It would be inequitable for the Court to declare that the Ghassemi Trust's claim held a superior position to the claim of Y&R and that the February 12, 2019, Deed of Trust, Assignment of Rents and Security Agreement did not operate as an equitable lien/equitable mortgage upon the Property with a superior lien position to the lien held by the Ghassemi Trust, as it would operate to vitiate the duly authorized and executed November 6, 2020 Subordination Agreement which explicitly agrees to subordinate the Ghassemi Trust's claim. The Ghassemi Trust would be unjustly enriched absent the award of such relief to Y&R.

39. Y&R requests that this Court issue a declaratory judgment that the February 12, 2019, Deed of Trust, Assignment of Rents and Security Agreement operated as an equitable lien/equitable mortgage upon the Property with a superior lien position to the lien held by the Ghassemi Trust.

WHEREFORE, Y&R requests, in the alternative, that the Court enter an Order declaring that:

(a) The February 12, 2019, Deed of Trust, Assignment of Rents and Security Agreement operated as an equitable lien/equitable mortgage upon 100% of the Property, with a superior lien position to the lien asserted by the Ghassemi Trust, up to a maximum principal amount of $517,500.00;

(b) Y&R had a first priority secured claim on the Property in the original principal amount of $517,500.00 and is entitled to a first distribution of $517,500.00 from the Deposit Account, plus interest, attorneys' fees, costs and other expenses; with the remaining funds in the Deposit Account available to pay any other claims;

(c) Y&R is entitled to attorneys' fees and costs; and

(d) Y&R is entitled to such other and further relief as this Court deems just and proper.

**COUNT III: DECLARATORY JUDGMENT – EQUITABLE SUBROGATION
(IN THE ALTERNATIVE)**

40. Y&R adopts and incorporates by reference all allegations contained within Paragraphs 1 through 39 of this Counterclaim as if fully set forth herein.

41. Pursuant to the terms of the BCJCL DOT and the Note and Loan Agreement entered into on or about February 12, 2019, BCJCL, LLC, made a $517,500.00 payment to 8th St. Ventures Holdings, LLC.

42. The February 12, 2019 Note and Loan Agreement included a payoff in the amount of $419,177.76 to satisfy the Regal Creations DOT.

43. At the time the February 12, 2019 Note and Loan Agreement was executed, and when BCJCL, LLC made a $517,500.00 payment to 8th St. Ventures Holdings, LLC, the Regal Creations DOT was in first lien position pursuant to the March 29, 2018 Subordination Agreement.

44. BCJCL, LLC, did not act as a volunteer in making this payment.

45. Y&R is the current holder of the BCJCL, LLC Note and, as assignee, stands in the shoes of BCJCL, LLC, which itself stands in the shoes of Regal Creations, LLC.

46. The November 6, 2020, Subordination Agreement, executed by Lawrence Tucker as Trustee on behalf of the Ghassemi Trust, operated to subordinate the February 9, 2018, Deed of Trust, executed for the benefit of the Ghassemi Trust in the amount of $375,000.00, to the BCJCL DOT.

47. Y&R, by virtue of assignment of the February 12, 2019 Deed of Trust, Assignment of Rents and Security Agreement, took a security interest in the Property subject to the November 6, 2020, Subordination Agreement and superior to the lien held by the Ghassemi Trust.

48. Even if the November 6, 2020, Subordination Agreement were to be held invalid (which it is not), Y&R—in that event—would still be entitled to equitably subrogate to the rights and stated superior lien position of Regal Creations, LLC, and its assignees, in the amount of $419,177.76 pursuant to the terms of the Regal Creations DOT and the March 29, 2018 Subordination Agreement, on the grounds and based on the parties' intentions to secure the Property by the Regal Creations DOT in first lien position for the repayment of the BCJCL DOT.

49. Absent application of equitable subrogation in favor of Y&R, it would be inequitable to afford the Ghassemi Trust a higher lien priority due to the terms of the Regal

5304704v.1

Creations DOT (which was satisfied by the February 12, 2019 Note and Loan Agreement in the amount of $419,177.76 for the benefit of BCJCL, LLC) and the March 29, 2018 Subordination Agreement.

WHEREFORE, Y&R requests, in the alternative, that the Court enter an Order declaring that:

(a) Y&R was entitled to equitably subrogate to the rights and superior lien position of Regal Creations, LLC, and its assignees, in the amount of $419,177.76, plus any interest that would have accrued to-date, attorneys' fees, costs and other expenses, pursuant to the terms of the Regal Creations DOT, the March 29, 2018 Subordination Agreement and the BCJCL DOT;

(b) Y&R had first and superior lien position against the Property in the amount of $419,177.76, plus any interest that would have accrued to-date, attorneys' fees, costs and other expenses;

(c) Y&R is entitled a first distribution of $419,177.76 from the Deposit Account, plus any interest that would have accrued to-date, attorneys' fees, costs and other expenses, with the remaining funds in the Deposit Account available to pay any other claims; and

(d) Enter an order awarding Y&R its fees, costs, expenses, and such other relief as the Court deems appropriate.

| | |
|---|---|
| Dated: August 2, 2022 | Respectfully submitted,<br><br>JACKSON & CAMPBELL, P.C.<br><br> */s/ David H. Cox* <br>David H. Cox (Fed. Bar No. 250167)<br>Nathan J. Bresee (Fed. Bar No. 991640)<br>2300 N Street, NW, Suite 300<br>Washington, DC  20037<br>Telephone:  (202) 457-1634<br>Facsimile:  (202) 451-1678<br>Email: dcox@jackscamp.com<br>Email: nbresee@jackscamp.com<br>*Counsel for Defendant/Creditor Y&R 2022 LLC* |

- 17 -

5304704v.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August, 2022 a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, and/or via first-class mail to:

Harry M. Rifkin
Law Offices of Harry M. Rifkin, LLC
10 Longstream Ct., Unit 202
Baltimore, MD 21209

Brian T. Gallagher
Council, Braudel, Kosmerl & Nolan, P.A.
125 West Street, 4th Floor
Annapolis, MD 21401

Justin Philip Fasano
McNamee Hosea, P.A.
6411 Ivy Lane, Ste. 200
Greenbelt, MD 22070

8th St. Venture Holdings, LLC
1425 H Street, N.E., 2nd Floor
Washington, DC 20002

Kevin Falkner
1425 H Street, N.E., 2nd Floor
Washington, DC 20002

Napoleon Ibiezugbe
1425 H Street, N.E., 2nd Floor
Washington, DC 20002

Benning, LLC
8133 Leesburg Pike
Vienna, VA 22182

Lawrence Tucker
8133 Leesburg Pike, Suite 900
Vienna, VA 22182

Tucker, Nong & Associates
8133 Leesburg Pike, Suite 900
Vienna, VA 22182

Eaglewood SPV 1, LP
747 3rd Avenue, 19th Floor
New York, NY 10017

*/s/ David H. Cox*
David H. Cox

5304704v.1