**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: 8TH STREET VENTURE HOLDINGS, LLC. | * | **Case No.: 21-00188-ELG** |
| | * | (Chapter 7) |
| * * * * * * * | | |
| In re: NAHEED GHASSEMI REVOCABLE TRUST | * | |
| | * | |
| Claimant | | |
| v. | * | |
| 8th STREET VENTURE HOLDINGS, LLC et al. | * | ADVERSARY NO. 22-10005 ELG |
| Respondents | | |

* * * * * * * * * * * * *

**<u>MEMORANDUM OF LAW IN SUPPORT OF CREDITOR, NAHEED GHASSEMI REVOCABLE TRUST'S MOTION FOR SUMMARY JUDGMENT</u>**

Creditor, Naheed Ghassemi Revocable Trust ("the "Trust"), by its attorneys, Harry M. Rifkin and the Law Offices of Harry M. Rifkin., submits this memorandum of law in support of its for Summary Judgment against Debtor 8th Street Venture Holdings, LLC, Lawrence Tucker, ("Tucker"), Tucker, Nong & Associates (Tucker, Nong") and Y & R 2022, LLC (jointly " Respondents").1

1. On or about February 9. 2018, the Trust made a loan in the principal amount of $375,000 to Benning LLC, a Virginia Limited Liability Company, Ibiezugbe, and Falkner, members and Benning LLC, and personal guarantors of the loan, secured by 1112 8th Street, N.E, Unit 1, Washington, D.C. 200002 ("the Property").

2. On or about February 9, 2018, Debtor, Ibiezugbe and Falkner entered into a

---

1 Naheed Ghassemi Revocable Trust has not been able to serve Ibiezugbe, Falkner or Benning LLC despite numerous efforts to locate and serve them.

Confessed Judgment Balloon Note in favor of the Trust in the principal amount of $375,000 with a maturity date of February 9, 2020, a true and correct copy of which is attached hereto as Exhibit 1.

3.      On or about February 9, 2018, Ibiezugbe and Falkner entered into a Guaranty and Indemnification Agreement in favor of the Trust, a true and correct copy of which is attached hereto as Exhibit 2.

4.      As stated thereon, Tucker of Tucker and Associates, PLLC, and its successors in his Defendant Firm, Tucker Nong, were preparers of the Deed of Trust. They appointed Tucker as purported trustee of the Creditor Naheed Ghassemi's Revocable Trust which he was not. They further apparently appointed him as the remaining required fiduciary Trustee under the Deed of Trust, which fiduciary position would have been ethically improper, not meeting the standard of care of an attorney for preparation of a Deed of Trust and its required trustee thereunder.

5.      On or about February 9, 2018, Debtor, Ibiezugbe, Falkner and Tucker of Tucker & Associates, PLLC, the predecessor in interest to Tucker, Nong, entered into a Deed of Trust, Assignment of Rents and Security Agreement for the benefit of the Trust, a true and correct copy of which is attached hereto as Exhibit 3.

6.      Just one month later, on or about March 29, 2018, Tucker and Tucker, Nong prepared and signed a "Subordination Agreement" (the First Subordination Agreement) whereby the Trust purportedly subordinated the debt of Debtor, Ibiezugbe and Falkner to the Trust to a debt secured by Regal Creations, LLC, for a new mortgage loan in the principal amount of $400,000, a true and correct copy of which is attached hereto as Exhibit 4.

7.      On or about November 6, 2020, Tucker and Tucker, Nong prepared and signed a "Subordination Agreement" (the Second Subordination Agreement), whereby the Trust

purportedly subordinated the debtor of Debtor, Ibiezugbe and Falkner to the Trust to a debt secured by a Deed of Trust recorded on April 2, 2018 for a new mortgage loan with BCJCL, LLC, assigned first to PS Funding, Inc. and subsequently to Eaglewood SPV 1 LP in the principal amount of $517,500, a true and correct copy of which is attached hereto as Exhibit 5.

8. Neither Tucker nor Tucker & Associates or Tucker, Nong were the trustees of the Trust, or in their fiduciary capacity as Trustees under the Deed of Trust had any authority, apparent or actual, to enter into the Subordination Agreement impairing its First Deed of Trust position.

9. The Trust never authorized or directed Tucker, Tucker & Associates or Tucker, Nong to execute the Subordination Agreement nor directed them to act as trustee to prepare or execute the Subordination Agreement.

10. As Tucker admitted in his deposition taken on April 25, 2023, if the Trust had not given its express authority to subordinate its loan, the Subordination Agreements are null and void.

11. As Naheed Ghassemi testified in her deposition taken on April 27, 2023, the Trust never gave any express authority or even implied authority to subordinate her loan to Debtor, Ibiezugbe, Falkner or Benning, LLC.

12. As Tucker admitted in his deposition and as Naheed Ghassemi testified in her deposition, he never asked the Trust if it agreed to subordinate its debt at any time. Instead, Tucker claimed that he simply relied upon a conversation he had with a representative of the title company, Premier Title, in executing the Subordination Agreements and never saw any documents showing the Trust had given its express authority to subordinate the loan.

13. BCJCL, LLC, the predecessor in interest to Y & R 2022, LLC, in the exercise of due diligence should have inquired of the Trust as to whether it wished to subordinate its loan, the first of which agreement was entered only a month after the loan was made.

14. As Naheed Ghassemi testified in her deposition, the Trust received no consideration for the execution of the First or Second Subordination Agreements.

15. As Naheed Ghassemi testified in her deposition, Tucker never provided the Trust with either the title search or any title insurance policy for 1112 8th Street, N.E., Washington, D.C. despite repeated demands to Tucker to provide them to her and the Trust only discovered the existence of any Subordination Agreement on January 5, 2022 when she received a copy of the Second Subordination Agreement by e-mail from Justin Fasano, counsel for the Bankruptcy Trustee.

The Trust will supplement this Memorandum when it receives the deposition transcripts from the Court Reporters.

                                                  Harry M. Rifkin , Pro Hac Vice
Law Offices of Harry M. Rifkin
10 Longstream Court Unit 202
Baltimore, Maryland 21209
(410) 779-9199
(410) 710-6947 (facsimile)

hrifkin@rifkinlaw.net

Attorneys for Naheed Ghassemi Revocable Trust

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on this 1st day of May 2022, a copy of the foregoing Motion, accompanying Memorandum of Law and the proposed order were electronically filed and served on:

Elias G. Saboura-Polkovotsy
Saboura, Goldman & Columbo, P.C.
11200 Rockville Pike, Suite 120
North Bethesda, MD 20852

and

David H. Cox,
Nathan J. Bresse
Caroline Y. Lee-Ghosal
Jackson & Campbell, P.C.
2300 N. Street, N.W., Suite 300
Washington, D.C. 20037

_____
Harry M. Rifkin