**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: 8TH STREET VENTURE HOLDINGS, LLC. | * * | **Case No.: 21-00188-ELG** (Chapter 7) |
| * * * * * * * | | |
| In re: NAHEED GHASSEMI REVOCABLE TRUST | * * | |
| Claimant v. | * | |
| 8th STREET VENTURE HOLDINGS, LLC et al. Respondents | * | ADVERSARY NO. 22-10005 ELG |
| * * * * * * * * * * * * | | |

**SUPPLEMENTAL AND REVISED MEMORANDUM OF LAW IN SUPPORT OF CREDITOR, NAHEED GHASSEMI REVOCABLE TRUST'S MOTION FOR SUMMARY JUDGMENT**

Creditor, Naheed Ghassemi Revocable Trust ("the "Trust"), by its attorneys, Harry M. Rifkin and the Law Offices of Harry M. Rifkin., submits this supplemental memorandum of law in support of its for Summary Judgment against Debtor 8th Street Venture Holdings, LLC, Lawrence Tucker, ("Tucker"), Tucker, Nong & Associates (Tucker, Nong") and Y & R 2022, LLC (jointly " Respondents").1

1. On or about February 9. 2018, the Trust made a loan in the principal amount of $375,000 to Benning LLC, a Virginia Limited Liability Company, Ibiezugbe, and Falkner, members and Benning LLC, and personal guarantors of the loan, secured by 1112 8th Street, N.E, Unit 1, Washington, D.C. 200002 ("the Property").

2. On or about February 9, 2018, Debtor, Ibiezugbe and Falkner entered into a

---

1 Naheed Ghassemi Revocable Trust has not been able to serve Ibiezugbe, Falkner or Benning LLC despite numerous efforts to locate and serve them.

Confessed Judgment Balloon Note in favor of the Trust in the principal amount of $375,000 with a maturity date of February 9, 2020, a true and correct copy of which is attached hereto as Exhibit 1.

3. On or about February 9, 2018, Ibiezugbe and Falkner entered into a Guaranty and Indemnification Agreement in favor of the Trust, a true and correct copy of which is attached hereto as Exhibit 2.

4. As stated thereon, Tucker of Tucker and Associates, PLLC, and its successors in his Defendant Firm, Tucker Nong, were preparers of the Deed of Trust. They appointed Tucker as purported trustee of the Creditor Naheed Ghassemi's Revocable Trust which he was not. They further apparently appointed him as the remaining required fiduciary Trustee under the Deed of Trust, which fiduciary position would have been ethically improper, not meeting the standard of care of an attorney for preparation of a Deed of Trust and its required trustee thereunder.

5. On or about February 9, 2018, Debtor, Ibiezugbe, Falkner and Tucker of Tucker & Associates, PLLC, the predecessor in interest to Tucker, Nong, entered into a Deed of Trust, Assignment of Rents and Security Agreement for the benefit of the Trust, a true and correct copy of which is attached hereto as Exhibit 3.

6. Just one month later, on or about March 29, 2018, Tucker and Tucker, Nong prepared and signed a "Subordination Agreement" (the First Subordination Agreement) whereby the Trust purportedly subordinated the debt of Debtor, Ibiezugbe and Falkner to the Trust to a debt secured by Regal Creations, LLC, for a new mortgage loan in the principal amount of $400,000, a true and correct copy of which is attached hereto as Exhibit 4.

7. On or about November 6, 2020, Tucker and Tucker, Nong prepared and signed a "Subordination Agreement" (the Second Subordination Agreement), whereby the Trust

2

purportedly subordinated the debtor of Debtor, Ibiezugbe and Falkner to the Trust to a debt secured by a Deed of Trust recorded on April 2, 2018 for a new mortgage loan with BCJCL, LLC, assigned first to PS Funding, Inc. and subsequently to Eaglewood SPV 1 LP in the principal amount of $517,500, a true and correct copy of which is attached hereto as Exhibit 5.

8. Neither Tucker nor Tucker & Associates or Tucker, Nong were the trustees of the Trust, or in their fiduciary capacity as Trustees under the Deed of Trust had any authority, apparent or actual, to enter into the Subordination Agreement impairing its First Deed of Trust position.

9. The Trust never authorized or directed Tucker, Tucker & Associates or Tucker, Nong to execute the Subordination Agreement nor directed them to act as trustee to prepare or execute the Subordination Agreement.

10. As the undisputed record shows:

   a. "The title company had contacted me [Tucker] and said they had express authority o subordinated. And I knew that they … had to have such in order to… propose a commitment to the first trust lender. And if they didn't have such, their title insurance was invalid and … the subordination that they asked me to execute would have been worthless. Exhibit 6, Tucker Deposition at p. 24-25.

   b. Specifically, the title underwriter who contacted Tucker on behalf of Premium Title, from Fidelity National Title, Lisa Ernest, called Tucker and asked him to sign a subordination agreement that her clients had." Exhibit 6, Tucker Deposition at pp.25-26.

   c. Tucker never contacted Ms. Ghassemi Abbas, the principal of the Naheed Ghassemi Revocable Trust, before he signed the subordination agreement. Exhibit 6, Tucker Deposition at p. 26.

d.  Tucker never saw the express authority that he claimed the title company told him it had. Exhibit 6, Tucker Deposition at p.27.

e.  Tucker never discussed the subordination agreement with Ms. Ghassemi Abbas at any time. Exhibit 6, Tucker Deposition at pp. 27, 38-39.

f.  The title insurance and the subordination were invalid if the title company did not have express authority. Exhibit 6, Tucker Deposition at pp. 38-39.

g.  On or about February 9. 2018, the Trust made a loan in the principal amount of $375,000 to Benning LLC, a Virginia Limited Liability Company, Ibiezugbe, and Falkner, members and Benning LLC, and personal guarantors of the loan, secured by 1112 8th Street, N.E, Unit 1, Washington, D.C. 20002 ("the Property").

h.  BCJCL, LLC, the predecessor in interest to Y & R 2022, LLC, in the exercise of due diligence should have inquired of the Trust as to whether it wished to subordinate its loan, the first of which agreement was entered only a month after the loan was made.

i.  Ms. Ghassemi Abbas specifically denied that she ever gave any authority to enter into either Subordination Agreement. Ghassemi Abbas Deposition at pp 344-345.

j.  Ms. Ghassemi Abbas also testified that "I didn't understand that he [Tucker] would be able to subordinate me…he would work to my advantage, not to my disadvantage." Exhibit 7, Ghassemi Abbas Deposition at p. 310.

k.  She also stated that Tucker "has done an unethical and fraudulent activity by in 2018 make me lend this money, 375 and then two months later and subordinate me without telling me." Exhibit 7,Ghassemi Abbas Deposition at p. 320, 328.

l.  Ghassemi never received any payment of the principal on the Deed of Trust, even after the subordination agreement was entered into. Exhibit 7,Ghassemi Abbas Deposition

at pp. 248, 353-354.

m. Premium Title's records were subpoenaed by both The Trust and by Y & R. There were no records of any authority being granted by The Trust. The documents produced by Premium Title pursuant to the subpoena from The Trust do not include any correspondence or records of any communication with The Trust or its principal, Naheed Ghassemi Abbas. Exhibit 8, Documents produced by Premium Title.

n. As Naheed Ghassemi testified in her deposition, Tucker never provided the Trust with either the title search or any title insurance policy for 1112 8th Street, N.E., Washington, D.C. despite repeated demands to Tucker to provide them to her and the Trust only discovered the existence of any Subordination Agreement on January 5, 2022 when she received a copy of the Second Subordination Agreement by e-mail from Justin Fasano, counsel for the Bankruptcy Trustee. Exhibit 7, Ghassemi Abbas Deposition at pp. 262, 269-270.

The full relevant provision of Paragraph 1.9 of the Deed of Trust states:

Transfer Or Encumbrance. Title to all or any portion of the Secured Property shall not be acquired by any Person other than the Grantor, by voluntary or involuntary conveyance, transfer, grant or assignment, by operation of law, or in any other manner, or, except for Permitted Liens, become encumbered or charged with a lien or security interest of any kind or variety, whether voluntary or involuntary, including any mechanic's or materialman's lien or judgment lien, senior, junior, or of equal priority to the lien and security interest, without the prior written consent of the Trustees or the Beneficiary.

There is nothing in the Deed of Trust mentioning the subordination of the lien in favor of the Beneficiary, the Trust. Indeed, the relevant language refers expressly to transfer of the title to any portion of the Secured Property by any person other than the Grantor except for **Permitted Liens**. Permitted liens are defined in paragraph 1.8 as "liens, charges, restrictions, encumbrances or security interests which: (a)are set forth in any title insurance policy issued in favor of, and

5

approved by, the Beneficiary with respect to the real property; (b) are expressly permitted as a prior lien or encumbrance pursuant to another provision of this Deed of Trust; or (c) are otherwise expressly consented to in writing by the Beneficiary." The subordinations were not expressly consented to in writing by the Beneficiary, that is, the Naheed Ghassemi Revocable Trust, are not expressly permitted as a prior lien or encumbrance nor was there any title insurance policy issued in favor of, and approved by, the Beneficiary at the time of the execution of the Deed of Trust.

Herein, the Deed of Trust entered into by and between the Trust and 8th Street Venture Holdings, Ibiezugbe and Falkner with Tucker as the trustee, did not contain any subordination clause and both the Trust and Tucker and his firm understood that the Trust's express authorization to enter into a subordination agreement was needed as set forth in paragraphs 1.8 and 1.9. There is no dispute that there was no express authorization given. Naheed Ghassemi Abbas' testimony and the documents from Premium Title establish this.

The case of *Smith v. Martin*, 124 N.C. App. 592, 478 S.E.2d 228 (1996) is instructive. Therein, the Court stated that: "Our case law also supports the position that a trustee on a deed of trust is liable as a matter of law when he cancels the deed of trust without authorization of the principal and/or without determining that the underlying obligation has been satisfied." Similarly, in this matter, Tucker and Tucker & Associates are liable as a matter of law for subordinating the Trust's deed of trust without authorization of the Trust and/or without determining that there was consideration for the subordination agreement. In *Smith*, Defendant cancelled the deed of trust without contacting the Smiths or otherwise verifying that the underlying debt had been paid. The Court explained:

> The trustee, at his peril, is bound to know that the indebtedness is paid before he executes a release of the security, and, where he unwarrantably releases the lien of his trust deed, is liable to his principal for the damages which

6

necessarily flow from his wrongful act.

Similarly in this case, Tucker was bound to know that the lender, the Trust, received consideration for the Subordination Agreement and had a basis for executing it. Y & R's predecessor in interest had a duty to verify that the Subordination Agreement was agreed upon by Naheed Ghassemi Abbas on behalf of the Trust.

By failing to verify that the Trust agreed to subordinate its Deed of Trust against 8th Street Venture Holdings, LLC, and received consideration for agreeing to subordinate the debt, Tucker and Tucker, Nong breached their fiduciary duty to the Trust and are liable to it for any losses incurred as a result of their execution of the Subordination Agreements.

## CONCLUSION

As the Subordination Agreements in favor of Regal Creations LLC and BCJCL, LLC, assigned first to PS Funding, Inc. and subsequently to Eaglewood SPV 1 LP in the principal amount of $517,500 are invalid as a matter of law under the undisputed facts and furthermore, as BCJCL, LLC failed to exercise any due diligence in determining whether the Subordination Agreement in its favor was valid, Summary Judgment should be granted in favor of the Trust against Tucker, Tucker, Nong and Y & R, and the Trust should be granted such other further and relief as this Court deems appropriate.

_____
Harry M. Rifkin, Pro Hac Vice
Law Offices of Harry M. Rifkin
10 Longstream Court Unit 202
Baltimore, Maryland 21209
(410) 779-9199
(410) 710-6947 (facsimile)

hrifkin@rifkinlaw.net

Attorneys for Naheed Ghassemi Revocable Trust

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 19th day of June 2023, a copy of the foregoing Motion, accompanying Memorandum of Law and the proposed order were electronically filed and served on:

Elias G. Saboura-Polkovotsy
Saboura, Goldman & Columbo, P.C.
11200 Rockville Pike, Suite 120
North Bethesda, MD 20852

and

David H. Cox
Nathan J. Bresse
Caroline Y. Lee-Ghosal
Jackson & Campbell, P.C.
2300 N. Street, N.W., Suite 300
Washington, D.C. 20037

     _____
     Harry M. Rifkin